# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

| | | |
|---|---|---|
| **UNITED STATES** | ) | **No. ACM 40442** |
| *Appellee* | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **ORDER** |
| **Nicholas J. MOORE** | ) | |
| **Airman (E-2)** | ) | |
| **U.S. Air Force** | ) | |
| *Appellant* | ) | **Panel 1** |

On 13 January 2023, Appellant was tried by a general court-martial at Hill Air Force Base, Utah. Contrary to his pleas, members found Appellant guilty of one specification of sexual assault without consent, in violation of Article 120, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 920.[*]

On 1 March 2024, due to discrepancies in the record of trial including, *inter alia*, missing audio recordings of the proceedings, a missing original special order, and missing or incomplete prosecution exhibits, we ordered the Government to show good cause as to why this court should not set aside the findings and sentence and return the case to the appropriate convening authority for action consistent with Rule for Courts-Martial (R.C.M.) 1112(d).

On 19 March 2024, Appellant submitted a Motion for Enlargement of Time (Tenth), requesting an enlargement for a period of 30 days, to end on 28 April 2024. Government opposed the motion.

Also on 19 March 2024, Government responded to our order stating "[t]he military judge's remedies to reconstruct the record created a substantially verbatim transcript," and therefore this court "should not set aside the findings and sentence." In support of their position, Government submitted a Motion to Attach a declaration from the senior trial counsel explaining the reconstruction efforts related to "the unrecorded portion of Appellant's court-martial." Government "confirmed that the base legal office has copies of all other recorded sessions other than the lost 45-minute session" and stated that "remand . . . would be appropriate." Government failed to address any of the other missing

---

[*] All references in this order to the UCMJ are to the *Manual for Courts-Martial*, *United States* (2019 ed.) (2019 *MCM*). The relevant Rules for Courts-Martial (R.C.M.) for the purposes of this order are to the 2019 *MCM* and the *Manual for Courts-Martial*, *United States* (2024 ed.) (2024 *MCM*) which are substantively indifferent; therefore, all references to the R.C.M. in this order are to the 2024 *MCM*.

or incomplete items identified in this court's 1 March 2024 show cause order. Consequently, the record of trial in Appellant's case is to be returned to the Chief Trial Judge, Air Force Trial Judiciary, for correction under R.C.M. 1112(d).

Accordingly, it is by the court on this 21st day of March 2024,

**ORDERED:**

Government's Motion to Attach is **GRANTED**. While the court grants Appellant's motion, it specifically defers consideration of the applicability of *United States v. Jessie*, 79 M.J. 437 (C.A.A.F. 2020), and related case law to the attachment until it completes its Article 66, UCMJ, 10 U.S.C. § 866, review of Appellant's entire case.

**It is further ordered:**

The record of trial in Appellant's case is **REMANDED** to the Chief Trial Judge, Air Force Trial Judiciary, for correction of the record; specifically to account for the defective items already identified by this court and any other portion of the record that is determined to be missing or defective hereafter, after consulting with the parties. *See* Article 66(f)(3), UCMJ, 10 U.S.C. § 866(f)(3); R.C.M. 1112(d)(2)–(3). Thereafter, the record of trial will be returned to this court for completion of its appellate review under Article 66(d), UCMJ, 10 U.S.C. § 866(d) not later than **18 April 2024**.

Should the 18 April 2024 deadline not be met, the Chief Trial Judge, Air Force Trial Judiciary, or his designee, shall provide a memorandum for record not later than **19 April 2024** to the Government Trial and Appellate Operations Division (JAJG) to submit to this court as a motion to attach. *See* A.F. Ct. Crim. App. R. 23.3(b). Until the record of trial is returned to the court, a memorandum for record will be prepared every seven days thereafter.

Therefore, Appellant's Motion for Enlargement of Time (Tenth) is **MOOT**.

FOR THE COURT

FLEMING E. KEEFE, Capt, USAF
Deputy Clerk of the Court